IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

CON PAC SOUTH, INC.            )    HAMBLEN COUNTY
                              )    03A01-9811-CV-00389
     Plaintiff-Appellant      )
                              )
                              )
     v.                       )    HON. JOHN K. WILSON,
                              )    JUDGE
                              )
JAMES W. BURNETT, d/b/a       )
BURNETT PRODUCE CO.           )
                              )
     Defendant-Appellee       )    AFFIRMED AND REMANDED

J. RANDALL SHELTON OF MORRISTOWN FOR APPELLANT

C. DWAINE EVANS OF MORRISTOWN FOR APPELLEE

O P I N I O N

Goddard, P.J.

       Con Pac South, Inc. ("Con Pac") appeals the dismissal

of its suit against James W. Burnett d/b/a Burnett Produce Co.

("Mr. Burnett") through summary judgment by the Hamblen County

Circuit Court.  Con Pac sought judgment against Mr. Burnett in

the amount of $31,009.44 arising from an overdue debt for goods

ordered and received.

The history of the case at hand can be traced back to an earlier case in the Hamblen County Circuit Court styled <u>Con Pac South, Inc. v. Burnett Produce Co., Inc.</u>, No. 93-CV-492. In this previous case, Con Pac filed suit seeking collection of the same past due account sought in this case. Instead of naming Mr. Burnett personally in this previous case, Con Pac sought judgment against Burnett Produce Company, Incorporated. On September 16, 1994, the Trial Court entered judgment against Burnett Produce Company, Inc. for the full amount of $31,009.44. On March 28, 1995, the Trial Court entered an agreed order amending the Complaint to include James W. Burnett d/b/a Burnett Produce Company as an additional defendant liable for the amount past due arising from the goods ordered and received. On July 5, 1995, Mr. Burnett filed a Motion for Summary Judgment alleging that the judgment obtained by Con Pac against Burnett Produce Co., Inc. barred the action against James W. Burnett d/b/a Burnett Produce Co. based on the theories of res judicata and collateral estoppel. The Trial Court granted the motion for summary judgment dismissing the action against James W. Burnett d/b/a Burnett Produce Co. on August 1, 1995. No appeal was taken from that order.

On July 10, 1995, before the Trial Court ruled on Mr. Burnett's Motion for Summary Judgment in cause number 93-CV-492, Con Pac filed the present action against James W. Burnett d/b/a Burnett Produce Co. seeking payment of the same overdue account. On September 11, 1995, Mr. Burnett again filed a Motion for

2

Summary Judgment based upon the grounds of res judicata, collateral estoppel and judicial estoppel. This motion was initially denied by the Honorable Ben K. Wexler on July 8, 1996. Subsequently, the case was assigned to the Honorable John K. Wilson, who granted the Motion for Summary Judgment and dismissed this action on November 17, 1998. Con Pac appeals from the judgment of November 17, 1998, granting Mr. Burnett's Motion for Summary Judgment.

The following issue is presented by Con Pac on appeal:

> Did the trial judge, the Honorable John K. Wilson, err in revisiting Mr. Burnett's Motion for Summary Judgment and granting it (a) when it had earlier been considered and denied by the first trial judge, the Honorable Ben K. Wexler, and (b) when no new motion to rehear had been filed, and (c) when no new facts or legal issues had come into being after it was denied?

We first address whether Judge Wilson erred in revisiting Mr. Burnett's Motion for Summary Judgment after it had already been denied by Judge Wexler. Con Pac relies on the "law of the case" doctrine which makes an appellate court's decision of an issue of law binding in later trials and appeals of the same case if the facts are substantially the same as the facts in the first trial or appeal. Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303 (Tenn.1998). The initial denial of Mr. Burnett's Motion for Summary Judgment at no time came before an appellate court;

3

therefore, we find that the "law of the case" doctrine is not applicable in the case at hand.

Instead, we find Rule 3(a) of the Tennessee Rules of Appellate Procedure prevails. This Rule provides that if multiple parties or claims for relief are involved, "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and *is subject to revision at any time before entry of a final judgment* adjudicating all the claims, rights, and liabilities of the parties." Tenn.R.App.P. 3(a)(emphasis added). We find that Judge Wilson properly exercised discretion expressly granted by Rule 3(a) of the Tennessee Rules of Appellate Procedure in revisiting Mr. Burnett's Motion for Summary Judgment without a motion to rehear and without presentation of new facts or legal issues as mandated by the "law of the case" doctrine. For these reasons, we hold that Judge Wilson's reconsideration of the Motion for Summary Judgment was proper.

Con Pac also contends that Judge Wilson erred in granting Mr. Burnett's Motion for Summary Judgment. Mr. Burnett responds that Summary Judgment was properly granted based upon res judicata.

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no

4

presumption of correctness attaches to the trial court's judgment. <u>Carvell v. Bottoms</u>, 900 S.W.2d 23, 26 (Tenn. 1995). Our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. <u>Cowden v. Sovran Bank/Cent. S.</u>, 816 S.W.2d 741, 744 (Tenn.1991). Rule 56.03 of the Tennessee Rules of Civil Procedure provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, <u>Byrd v. Hall</u>, 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. <u>Anderson v. Standard Register Co</u>., 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. <u>Downen v. Allstate Ins. Co.</u>, 811 S.W.2d 523, 524 (Tenn.1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. <u>Byrd</u>, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. <u>Byrd</u>, 847 S.W.2d at 210-11.

Mr. Burnett alleges that summary judgment was proper based upon the theory of res judicata. We agree. The doctrine

5

of res judicata bars a second suit between the same parties on the same cause of action with regard to all issues that were or could have been litigated in the former suit. Massengill v. Scott, 738 S.W.2d 629, 631 (Tenn.1987); Gibson Lumber Co. v. Neely Coble Co., 651 S.W.2d 232, 233-34 (Tenn.Ct.App.1983). Res judicata is based on the public policy favoring finality in litigation and does not depend upon correctness or fairness, as long as the underlying judgment is valid. Moulton v. Ford Motor Co., 533 S.W.2d 295, 296 (Tenn.1976).

The defense of res judicata will be available if the party asserting the defense can show that the prior judgment was by a court of competent jurisdiction, that the same parties were involved in both suits, that the same cause of action was involved in both suits, and that the underlying judgment was on the merits. Lee v. Hall, 790 S.W.2d 293 (Tenn.Ct.App.1990).

We find that the facts in this case meet the requirements necessary to establish the defense of res judicata. On July 1, 1995, a prior judgment was entered in favor of Mr. Burnett by the Hamblen County Circuit Court dismissing the claim against him as an individual through the grant of his Motion for Summary Judgment. The same parties, Con Pac and James W. Burnett d/b/a Burnett Produce Co., were involved in both actions. Both suits arose from the same cause of action and sought payment for the same overdue debt. Furthermore, the Trial Court's order

6

granting Mr. Burnett's Motion for Summary Judgment was a judgment on the merits.

Con Pac had the opportunity to appeal the order dismissing the claim against Mr. Burnett in the first suit, No. 93-CV-492, but instead filed suit against Mr. Burnett for a second time seeking judgment arising from the same claim. Con Pac's actions directly countervail the policy behind the doctrine of res judicata. If Con Pac disagreed with the first dismissal of the claim against Mr. Burnett, it's remedy was to appeal that judgment. Since there was no genuine issue of material fact and Mr. Burnett was entitled to judgment as a matter of law based upon res judicata, we find that the Trial Judge properly granted summary judgment.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Con Pac and its surety.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Herschel P. Franks, J.

_____(Not Participating)_____
Charles D. Susano, Jr., J.